THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMY DEAN EDWARDS, Defendant-Appellant.

Fourth District   No. 4—91—0546

Opinion filed April 30, 1992.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard L. Broch, State's Attorney, of Tuscola (Norbert J. Goetten, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

This appeal arises from an order denying defendant Jimmy Edwards' motion to withdraw his guilty plea. Defendant was charged in the circuit court of Douglas County with three counts of criminal sexual assault, in violation of section 12—13(a)(3) of the Criminal

Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(3)). It was alleged that sometime between January 1 and April 30, 1990, defendant had placed his penis in the mouth of his daughter, had placed his penis in his daughter's vagina, and had placed his mouth on his daughter's vagina. It was further alleged that his daughter was under 18 years of age when these acts were committed.

Defendant was represented by private counsel. On the second day of his trial, defendant withdrew his plea of not guilty and entered a plea of guilty on two of the counts. The third count was dismissed. Another criminal case pending against defendant was also dismissed. At the conclusion of his sentencing hearing, defendant was sentenced to 12 years' imprisonment on each count, with the sentences to run consecutively. Defendant timely filed a motion to withdraw his guilty plea.

In the motion to withdraw, defendant alleged that (1) his sentence was excessive; (2) the State had failed to disclose a felony conviction of one of its witnesses prior to trial, which conviction might have been used to impeach the witness; and (3) his guilty plea was entered under circumstances which made him believe it would be impossible for him to receive a fair trial. Supporting affidavits were filed with the motion.

Defendant's affidavit detailed circumstances affecting his decision to change his plea. He described how the assistant State's Attorney, on the first day of trial, had attempted to make an offer of proof concerning defendant's prior wrongdoing. After two unsuccessful attempts to properly make the offer, the trial judge adjourned the trial for the day and told the assistant State's Attorney to have her witness present the following day for another attempt to make the offer of proof. When the witness was not present the next morning, the judge recessed the trial for an hour, saying as he left the courtroom, "You ladies will settle this case." (Defense counsel was also a woman.) Defendant alleged that these events and the judge's remarks led him to believe the judge was prejudiced against him and that he could not receive a fair trial. His affidavit further stated that his attorney indicated that the testimony of defendant's sister, a potential State's witness, would be damaging to his case if believed by the jury. He also said that prior to the sentencing hearing he and his attorney learned that his sister had an undisclosed felony conviction, which could have been used against her if she testified.

Defense counsel submitted her affidavit, stating she had received discovery answers from the State revealing that defendant's

sister had a prior misdemeanor theft conviction in another county. She had spoken with defendant's sister and concluded that her testimony would be potentially damaging to defendant, and she advised defendant of this concern. On the day of defendant's sentencing, she learned that the sister had a felony conviction. If that information had been available to her at the time of trial, it would have played a significant part in her conversations with defendant about whether he should proceed with trial or enter a plea of guilty.

Prior to the hearing on defendant's motion, defense counsel filed a motion for leave to withdraw as counsel. In that motion, she alleged that she was a potential witness in connection with defendant's motion to withdraw his guilty plea. A hearing was held on counsel's motion. She indicated to the court that she believed her continued representation of defendant on his motion to withdraw would be a violation of Rule 3.7(a) of the Illinois Rules of Professional Conduct (134 Ill. 2d R. 3.7(a)). That rule provides, in relevant part, as follows:

"A lawyer shall not accept or continue employment in contemplated or pending litigation if the lawyer knows or reasonably should know that the lawyer may be called as a witness on behalf of the client, except that the lawyer may undertake the employment and may testify:

(1) if the testimony will relate to an uncontested matter;

(2) if the testimony will relate to a matter of formality and the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony;

(3) if the testimony will relate to the nature and value of legal services rendered in the case by the lawyer or the firm to the client; or

(4) as to any other matter, if refusal to accept or continue the employment would work a substantial hardship on the client."

134 Ill. 2d R. 3.7(a).

Defense counsel said she was a witness to the statement made by the judge, which defendant alleged had a bearing on his decision to plead guilty. The trial judge's statement was not on the record because it was made as the court reporter was leaving the courtroom. She believed her testimony would be necessary to establish the fact that the statement was made. The court denied the motion, based upon counsel's representation that there were other witnesses who could testify as to the statement.

On May 13, 1991, defense counsel filed her certificate in compliance with Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). That certificate stated defense counsel had consulted with defendant, both by mail and in person, to ascertain his contentions of error in the entry of his guilty plea and that she prepared the motion to withdraw the plea after her consultation with him. It further stated that defense counsel had reviewed the trial court file and was familiar with the facts of the case, having represented defendant since its inception. The certificate also stated that defense counsel was present at the entry of the plea of guilty. It did not state, as required by the rule, that defense counsel had examined the report of proceedings of the guilty plea.

On May 13, 1991, a hearing was held on defendant's motion to withdraw. It is unnecessary to a decision on this appeal to recount the entire proceedings of this hearing. We note, however, that defendant testified the judge, on the second day of trial, made a comment to the effect that when court resumed after a recess, the case would be resolved. He interpreted this to mean he would not get a fair trial. He testified that after this statement was made, he decided to give up and plead guilty.

Defense counsel also testified about the judge's comment. No explanation was offered as to why other alleged witnesses to the judge's statement were not present to testify. Defense counsel testified that the assistant State's Attorney made two unsuccessful attempts to tender an offer of proof on the first day of trial. The judge was rather upset about this, and he adjourned the trial and told the assistant State's Attorney to have her witness prepared for yet another attempt the next morning. When the witness was not produced, the judge called a recess and, as he was leaving the courtroom, said, "[Y]ou ladies will resolve this case." Counsel testified that after this statement was made, defendant decided there was no point in continuing to fight and decided to plead guilty.

Upon questioning by the trial court, counsel admitted that none of defendant's fears about not receiving a fair trial were communicated to the court when he entered his plea. She also conceded the judge's statement might have simply been due to the fumbling manner in which the assistant State's Attorney handled the offer of proof. In fact, she testified this was her perception of the statement, but that defendant had gotten a different impression. Defendant's motion to withdraw was denied by an order entered on June 26, 1991. This appeal followed.

Defendant's sole claim of error on appeal is that defense counsel did not properly comply with Rule 604(d) because she did not certify that she had examined the report of proceedings of defendant's plea of guilty. Rule 604(d) provides, in relevant part, as follows:

"Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit. The motion shall be presented promptly to the trial judge by whom the defendant was sentenced, and if that judge is then not sitting in the court in which the judgment was entered, then to the chief judge of the circuit, or to such other judge as the chief judge shall designate. The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 134 Ill. 2d R. 604(d).

An examination of the record reveals that the proceedings of defendant's guilty plea had not been transcribed prior to the hearing on defendant's motion to withdraw that plea. The State does not dispute this fact. It argues, however, that only appointed counsel is required by the rule to examine the report of those proceedings and to certify to that examination. In making this argument, the State relies on the following sentence from Rule 604(d): "If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost." (134 Ill. 2d R. 604(d).) According to the State, since the rule specifically requires that a transcript be ordered only for

indigent defendants, private counsel would not be required to certify to a review of the report of the proceedings of the guilty plea.

The State has cited no case law to support this alleged double standard. The State's interpretation, however, would defeat one of the purposes underlying this rule—to ensure that a defendant's constitutional rights are protected. (*People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221.) We do not believe that the supreme court intended to provide greater protection to indigent defendants than to defendants who are able to retain private counsel. Therefore, this argument must be rejected.

■■ A transcript of the proceedings on defendant's guilty plea is part of the record on appeal in this case. That transcript was prepared after the hearing on the motion to withdraw, and the trial court evidently examined it prior to denying defendant's motion. A review of that transcript reveals no error occurred during defendant's guilty-plea hearing. He was thoroughly admonished by the trial court of all rights he was giving up by changing his plea. Though given several opportunities by the court to speak during that hearing, defendant did not once indicate his plea was the product of fear or coercion, or that he did not understand the ramifications of his plea. We also note that defendant's motion to withdraw was based solely upon matters outside the record of that plea hearing. Under such circumstances, there was a time when we might have found harmless error in defense counsel's failure to examine the report of those proceedings and to so certify. However, under our supreme court's decision in *Wilk*, we are constrained to hold this error was not harmless, and this case must be remanded to the trial court for further proceedings.

This is not the first time since *Wilk* that we have had cases before us wherein defense counsel in some way failed to fully comply with the affirmative duties required by Rule 604(d). For instance, we have recently addressed such issues in *People v. Johnson* (1990), 207 Ill. App. 3d 122, 565 N.E.2d 284, and *People v. Hancock* (1991), 208 Ill. App. 3d 1092, 567 N.E.2d 633. In both cases, defense counsel failed to review the report of the guilty-plea proceedings, and this court observed that a review of the record indicated each defendant's motion to withdraw his guilty plea was without merit. However, as we stated in *Hancock*:

" '[W]e are compelled to follow the supreme court's directive in *Wilk* that Rule 604(d) contains rules which must be followed and are not merely suggestions. We no longer approach these cases in terms of whether the error in failing to

comply with Rule 604(d) was harmless or prejudicial, but instead follow a rule of strict compliance.' " *Hancock*, 208 Ill. App. 3d at 1093, 567 N.E.2d at 634, quoting *People v. Hayes* (1990), 195 Ill. App. 3d 957, 961, 553 N.E.2d 30, 33.

Simply put, the requirements of this rule *must* be met. Neither excuses for noncompliance nor strained interpretations of the rule will be accepted. We might also observe that although this rule is one to be complied with by defense counsel, the trial courts can help ensure that compliance is met. In the instant case, it was apparent at the hearing on defendant's motion to withdraw his plea that defense counsel had not examined the report of the guilty-plea proceedings. In response to a question from the State's Attorney as to whether she remembered the trial court asking defendant if he had been coerced into entering a plea of guilty, defense counsel testified she believed the question had been asked, but that she would have to see a transcript of the hearing to be certain. At the conclusion of the hearing on defendant's motion, defense counsel requested that a transcript of the guilty-plea proceedings be prepared to assist the trial court in making its ruling. The trial court responded that since defendant was not indigent, counsel could make her own arrangements with the court reporter to have the proceedings transcribed.

■ Defendant also asks us to order that different counsel be appointed to represent him upon remand. Defendant's complaint with his present counsel stems from her testimony at the hearing on his motion to withdraw concerning the judge's remark about settling the case. At the hearing on defendant's motion to withdraw his plea, defense counsel testified, in response to a question from the trial court, that she believed the remark was prompted merely by the judge's dissatisfaction with the assistant State's Attorney's mishandling of an offer of proof.

Defendant argues that by testifying in a manner contradictory to his position, defense counsel abandoned her representation of him and actually undermined the strength of his position. We do not agree that counsel abandoned her representation of defendant by testifying to this contested issue. Her testimony was ostensibly given on defendant's behalf. She stressed in her testimony that defendant held a different view of the judge's remark than she did. We also point out that a determination as to the voluntariness of a guilty plea is made with reference to a defendant's state of mind, not his counsel's. Nonetheless, the trial court should appoint new counsel for defendant on remand. Defense counsel's testimony

placed her in violation of Rule 3.7(a) of the Illinois Rules of Professional Conduct. In addition, her testimony had the apparent effect of undermining defendant's confidence in her ability to effectively argue in favor of his motion to withdraw his plea. Under such circumstances, defendant is entitled to new counsel.

For the foregoing reasons, the judgment of the circuit court of Douglas County is vacated and the cause remanded for further proceedings. Upon remand, new counsel shall be appointed to represent defendant.

Vacated and remanded with directions.

STEIGMANN and KNECHT, JJ., concur.