960 N.E.2d 53 (2011)
355 Ill. Dec. 610
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
John COOPER III, Defendant-Appellant.
No. 4-10-0972.
Appellate Court of Illinois, Fourth District.
August 24, 2011.
Michael J. Pelletier, Karen Munoz, and Nancy L. Vincent, all of State Appellate *54 Defender's Office, of Springfield, for appellant.
Julia Rietz, State's Attorney, of Urbana (Patrick Delfino and Robert J. Bidermaan, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

OPINION
Justice TURNER delivered the judgment of the court, with opinion.
¶ 1 This appeal comes to us on the motion of defendant's counsel, the office of the State Appellate Defender (OSAD), for remand for strict compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006).

¶ 2 I. BACKGROUND
¶ 3 In July 2010, defendant, John Cooper III, represented by private counsel Michael B. McClellan, entered an open guilty plea to driving under the influence (DUI), a Class A misdemeanor (625 ILCS 5/11-501(a)(1) (West 2010)), committed on April 15, 2010. In exchange for defendant's plea of guilty, the State agreed to dismiss case Nos. 10-TR-7361 and 10-TR-12844. The trial court admonished defendant, heard the factual basis, accepted the plea, and entered judgment on it.
¶ 4 At the two-day sentencing hearing held in August 2010 and September 2010, the following testimony was presented. Jeremy Hale, a police officer for the City of Urbana, testified he ticketed defendant on June 16, 2010, for driving on a suspended license. Defendant's driver's license was suspended following his April 2010 DUI arrest. Thereafter, on August 6, 2010, at approximately 11 p.m., Hale observed defendant behind the wheel of a vehicle at a gas station located on the corner of Philo and Colorado in Urbana, Illinois. According to Hale, he was unable to initiate a traffic stop because he was in the process of responding to another call.
¶ 5 However, defendant produced several witnesses who stated another man was driving defendant that night, and the trio were at the gas station around 1:30 a.m. but were elsewhere at 11 p.m. The defense offered a camera recording from the gas station reportedly showing defendant inside the station at 1:30 a.m., consistent with the witnesses' testimony.
¶ 6 After hearing the witness testimony, the trial court determined it would not consider the August 6 incident as a factor in aggravation. However, it did consider the June 16 incident and defendant's criminal record (8 prior felony convictions, 7 prior misdemeanor convictions, 12 traffic convictions, 2 prison terms, 4 jail sentences, and 4 probation violations). The court sentenced defendant to 364 days in jail with credit for one day previously served and ordered him to pay a $500 fine, a $5 anti-crime assessment fee, and costs. Additionally, the court dismissed "count I" and case No. 10-TR-7361. The court denied defense counsel's request that defendant be considered for home incarceration and admonished defendant under Illinois Supreme Court Rule 605(b) (eff.Oct.1, 2001).
¶ 7 On October 6, 2010, attorney McClellan filed a motion for reconsideration of sentence, and on October 28, counsel appeared to argue the motion. During the hearing, the trial judge inquired whether attorney McClellan had a Rule 604(d) certificate for him, informing counsel that strict compliance with Rule 604(d) was required. The following colloquy ensued:
"MR. McCLELLAN: For reconsideration, Your Honor?
THE COURT: Required explicitly by the rule.
The appellate court has repeatedly told my collegues [sic] and I strict compliance *55 with 604(d) is required. If I do anything, if I even so much as breath [sic] on this file without a 604(d) certificate on file, I will be reversed and told to do it all over again.
MR. McCLELLAN: We're not going to appeal.
THE COURT: Motion for reconsideration 
MR. McCLELLAN: Well, Your Honor, that's a new one on me."
The court then struck the motion for reconsideration of sentence.
¶ 8 That same date, defense counsel filed a motion to reinstate, suggesting in part as follows: "The plain language of [Illinois Supreme Court] Rule 604(d) supports an interpretation that only appointed counsel, appointed after sentencing (i.e., new to the case) is required to file certification." The next day, the trial court denied the motion to reinstate, stating "defendant's assertion that no 604(d) certificate is required is utterly without merit."
¶ 9 This appeal followed and OSAD was appointed to represent defendant on appeal.

¶ 10 II. STRIKING THE MOTION IS NOT THE PROPER REMEDY FOR FAILURE TO FILE A RULE 604(d) CERTIFICATE
¶ 11 OSAD filed a motion for remand, contending that defendant's counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) because counsel failed to file a Rule 604(d) certificate. The State concedes that, under the circumstances, the case should be remanded for further proceedings in accordance with Rule 604(d), and we accept the State's concession.
¶ 12 Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) provides as follows:
"(d) Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. * * * The defendant's attorney shall file with the trial court a certificate stating that the attorney [(1) ] has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in [(a) ] the sentence or [ (b) ] the entry of the plea of guilty[;] [ (2) ] has examined the [(a)] trial court file and [ (b) ] report of proceedings of the plea of guilty[;] and [ (3) ] has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.)
Strict compliance with Rule 604(d) is required. People v. Janes, 158 Ill.2d 27, 33, 196 Ill.Dec. 625, 630 N.E.2d 790, 792 (1994). This court discussed the requirements of the rule in People v. Grice, 371 Ill.App.3d 813, 816, 311 Ill.Dec. 157, 867 N.E.2d 1143, 1146 (2007), and further stated: "By promulgating Rule 604(d), the Supreme Court of Illinois has already determined the required content of the certificate, and it is the duty of this court and the trial courtsto ensure that this supreme court mandate is followed."
¶ 13 While defense counsel has the responsibility to file this certificate, the preparation and filing thereof will be ensured if trial judges ask for this certificate and review it before beginning the hearing on postplea motions in guilty-plea cases. Such a practice would reduce the delays necessitated by remands for the filing of a certificate or the filing of a new certificate and associated proceedings where a certificate filed was deficient in some respect.
*56 ¶ 14 Therefore, we agree with OSAD that the case must be remanded, and in doing so, we emphasize two points. First, all defense counsel representing a defendant after judgment on a guilty plea have the obligation to file a Rule 604(d) certificate to accompany a motion to withdraw guilty plea or to reconsider sentence. By its terms, the rule is not limited to appointed counsel and indigent defendants. See People v. Edwards, 228 Ill.App.3d 492, 497-98, 170 Ill.Dec. 155, 592 N.E.2d 591, 595 (1992) (This court rejected the State's argument that the Rule 604(d) certificate requirement only applies to appointed counsel because this interpretation "would defeat one of the purposes underlying this ruleto ensure that a defendant's constitutional rights are protected."). Second, the proper remedy when defense counsel has not filed a certificate, or where the certificate filed fails to meet the requirements of the rule, is to grant a continuance to afford counsel the opportunity to review the rule's requirements, comply with the requirements, and prepare a certificate demonstrating counsel has complied with the rule.

¶ 15 III. CONCLUSION
¶ 16 Accordingly, we grant OSAD's motion and remand the cause with directions for further proceedings consistent with Rule 604(d), that is, the appointment of counsel, the opportunity to file a new postplea motion if counsel deems that warranted, a new hearing on the motion, and for strict compliance with Rule 604(d) in the filing of any certificate under the rule.
¶ 17 Remanded with directions.
Presiding Justice KNECHT and Justice McCULLOUGH concurred in the judgment and opinion.