# Illinois Official Reports

## Appellate Court

<table>
<tr><td colspan="2"><strong><em>People v. Scott</em>, 2017 IL App (4th) 150761</strong></td></tr>
</table>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. REGINALD SCOTT, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0761 |
| Filed | November 7, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 15-CF-179; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Salome Kiwara-Wilson, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and Luke McNeill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Presiding Justice Turner and Justice Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, Reginald Scott, appeals from the denial of his motion to withdraw his guilty plea. On appeal, defendant argues (1) this court should remand his case to allow defense counsel the opportunity to file a corrected certificate under Illinois Supreme Court Rule 604(d) (eff. Dec. 3, 2015) because his August 2015 certificate does not strictly comply with the rule's December 2015 amendment and (2) he is entitled to a $5-per-day credit toward his fines. For the following reasons, we affirm in part, vacate in part, and remand with directions.

## I. BACKGROUND

¶ 3      On February 3, 2015, the State charged defendant by information with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) (West 2014)). On May 12, 2015, defendant pleaded guilty to count II (720 ILCS 5/9-1(a)(2) (West 2014)), the State dismissed the other counts, and the State agreed to a sentence cap of 60 years in prison.

¶ 4      On July 1, 2015, the trial court sentenced defendant to 55 years in prison (with a credit for 149 days for time spent in presentence custody), and defendant moved to withdraw his plea on July 24, 2015. On August 20, 2015, defense counsel filed a certificate under Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014) stating, in relevant part, as follows:

> "I have consulted with the defendant in person to ascertain contentions of error in the entry of the plea and contentions of error in the sentence, and have examined the trial court file and the report of proceedings of the plea of guilty. I have made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

¶ 5      On September 16, 2015, the trial court denied the motion.

¶ 6      This appeal followed.

## II. ANALYSIS

¶ 8      On appeal, defendant argues (1) defense counsel's August 2015 certificate failed to strictly comply with Rule 604(d)'s December 2015 amendments and this court must remand his case for the filing of a corrected certificate and (2) he is entitled to $5-per-day credit toward his fines. The State concedes the first issue. As to the second issue, the State agrees defendant is entitled to $5-per-day credit but disagrees as to whether the credit applies toward the court finance fee. We address each of these contentions in turn.

### A. Rule 604(d)

¶ 10      Rule 604(d) governs the procedures a defendant must follow when he wishes to appeal from a judgment entered upon a plea of guilty. The rule requires defense counsel to file a certificate stating he followed the certificate's prescribed requirements. Defense counsel must strictly comply with the certificate requirements, and if counsel fails to do so, we will remand to the trial court for such compliance. *People v. Cooper*, 2011 IL App (4th) 100972, ¶¶ 12-16, 960 N.E.2d 53.

¶ 11      In this case, at the time defense counsel filed his August 2015 Rule 604(d) certificate, Rule 604(d) imposed the following certificate requirements on defense counsel:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014).

¶ 12   Rule 604(d) was amended on December 3, 2015, to require, for the first time, counsel to certify he or she has examined "the report of proceedings in the sentencing hearing," not just the report of proceedings of the entry of the plea. Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). The issue presented for our review is whether the December 2015 amendment to Rule 604(d) applies retroactively to defense counsel's August 2015 Rule 604(d) certificate. For the following reasons, we find the amendment applies retroactively.

¶ 13   When the legislature fails to indicate whether a statutory amendment should apply retroactively, section 4 of the Statute on Statutes applies (5 ILCS 70/4 (West 2014)). See Ill. S. Ct. R. 2(a) (eff. July 1, 2017) ("These rules are to be construed in accordance with the appropriate provisions of the Statute on Statutes ***."). The Illinois Supreme Court interpreted section 4 of the Statute on Statutes "to mean that procedural changes to statutes may be applied retroactively, while substantive changes may not." *People v. Atkins*, 217 Ill. 2d 66, 71, 838 N.E.2d 943, 947 (2005). Although *Atkins* specifically addressed the effect of legislative amendments, its holding applies equally to supreme court rules. *People ex rel. Madigan v. Petco Petroleum Corp.*, 363 Ill. App. 3d 613, 620-21, 841 N.E.2d 1065, 1071 (2006).

¶ 14   Since the supreme court did not indicate whether the December 2015 amendment to Rule 604(d) should apply retroactively, we must determine whether the change was procedural or substantive. See *Atkins*, 217 Ill. 2d at 71, 838 N.E.2d at 947. This presents a question of law, which we review *de novo*. *People v. Drum*, 194 Ill. 2d 485, 488, 743 N.E.2d 44, 46 (2000).

¶ 15   A procedural change in the law prescribes the method of enforcing rights or obtaining redress; it embraces pleading, evidence, and practice. *Rivard v. Chicago Fire Fighters Union, Local No. 2*, 122 Ill. 2d 303, 310, 522 N.E.2d 1195, 1199 (1988). In contrast, a substantive change in the law establishes, creates, or defines rights. *International Union of Operating Engineers Local 965 v. Illinois Labor Relations Board, State Panel*, 2015 IL App (4th) 140352, ¶ 27, 30 N.E.3d 1191; see also *Atkins*, 217 Ill. 2d at 71-72, 838 N.E.2d at 947 (noting the differences between procedural and substantive amendments).

¶ 16   In *People v. Easton*, 2017 IL App (2d) 141180, ¶ 17, 74 N.E.3d 545, the Second District held the December 2015 amendment requiring counsel to certify he or she has read the report of proceedings of the sentencing hearing was procedural and applied retroactively. In *Easton*, the defense counsel's October 2014 Rule 604(d) certificate complied with the rule at the time it was filed. When defendant appealed, the supreme court had amended Rule 604(d) to require counsel to certify he or she had read the report of proceedings of the sentencing hearing, and defendant argued the amendment applied to his case retroactively. Compare Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013), with Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). The Second District concluded, "the amended rule is purely procedural, and the State cannot plausibly claim to have a vested interest in the continuation of the old rule. Thus, it applies retroactively to this case." *Easton*, 2017 IL App (2d) 141180, ¶ 17, 74 N.E.3d 545; see also *People v. Zendejas*, 2017 IL App (2d) 160565, ¶¶ 4-5, 82 N.E.3d 853 (also holding the amendment to Rule 604(d)

requiring counsel to state he or she examined the report of proceedings of the sentencing hearing was procedural and applied retroactively).

¶ 17　　Although not directly on point, the Third District's decision in *People v. Evans*, 2017 IL App (3d) 160019, ¶ 17, 72 N.E.3d 421, is instructive. In *Evans*, the Third District held a March 2016 amendment to Rule 604(d) was procedural. Before stating the certificate requirements, the December 2015 version of Rule 604(d) provided, "If a motion to withdraw the plea of guilty is to be filed, the defendant's attorney shall file with the trial court a certificate ***." Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). The March 2016 amendment removed the "[i]f a motion to withdraw the plea of guilty is to be filed" language. Compare Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015), with Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016). In *Evans*, defense counsel filed a *motion to reconsider the sentence* but did not file a Rule 604(d) certificate, as the December 2015 rule in effect only prescribed the certificate to be filed in cases where a *motion to withdraw the guilty plea* was filed. *Evans*, 2017 IL App (3d) 160019, ¶ 14, 72 N.E.3d 421. On appeal, the defendant argued the March 2016 amendment, which removed the language restricting the certificate to only motions to withdraw guilty pleas, applied retroactively to his case. *Evans*, 2017 IL App (3d) 160019, ¶ 15, 72 N.E.3d 421. The court agreed with the defendant and stated:

"The amendment was clearly procedural, as it dictated the practices to be followed by defense attorneys in filing postplea motions. Moreover, far from impairing a vested right, the amendment actually served to expand the protections afforded to defendants challenging their sentences, by once again requiring counsel to follow the certification requirements." *Evans*, 2017 IL App (3d) 160019, ¶ 17, 72 N.E.3d 421.

¶ 18　　We agree the December 2015 amendment to Rule 604(d) was procedural. The amendment added an additional source (the report of proceedings from the sentencing hearing) defense counsel must review before proceeding on a postplea motion. This amendment was procedural, as it prescribed the method of enforcing rights and obtaining redress—it did not establish, create, or define any rights. Similar to the amendment challenged in *Evans*, this amendment dictated the practices to be followed by defense attorneys in regard to postplea motions. Therefore, because the amendment was procedural, the December 2015 amendment applies retroactively to defendant's case. Since defense counsel's August 2015 certificate did not state counsel reviewed the report of proceedings from defendant's sentencing hearing, it failed to strictly comply with amended Illinois Supreme Court Rule 604(d) (eff. Dec. 3, 2015).

¶ 19　　We vacate the trial court's judgment and remand the cause for (1) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; (2) a new hearing on defendant's postplea motion; and (3) the filing of a corrected Rule 604(d) certificate.

¶ 20　　　　　　　　　　　　　　　　B. Monetary Credit

¶ 21　　Defendant also argues he is entitled to a $5-per-day credit against any fines imposed for time he spent in presentence custody. The State concedes defendant is entitled to $5-per-day credit but argues it cannot be used to offset the court finance fee.

¶ 22　　A defendant incarcerated for a bailable offense is entitled to a $5-per-day credit toward his fines for each day spent in presentence custody. 725 ILCS 5/110-14(a) (West 2014). The record reflects defendant was incarcerated awaiting trial from the day of his arrest, February 2, 2015, until the trial court sentenced him on July 1, 2015. At defendant's sentencing hearing,

the court awarded defendant credit for 149 days served in presentence custody against his 55-year sentence. The court did not award him monetary credit toward his fines for presentence custody. We agree defendant is entitled to $5-per-day credit for each of the 149 days he spent in presentence custody.

¶ 23 Defendant argues he is entitled to have $100 of his sentencing credit applied to the following assessments because they are fines: (1) $15 state police operations assessment (705 ILCS 105/27.3a(1.5) (West 2014)), (2) $30 juvenile expungement fund assessment (730 ILCS 5/5-9-1.17(a) (West 2014)), (3) $5 drug court assessment (55 ILCS 5/5-1101(f) (West 2014)), and (4) $50 court finance fee (55 ILCS 5/5-1101(c)(1) (West 2014)). The State only disputes whether defendant is entitled to use his monetary credit against the court finance fee because it argues it is a fee, not a fine. We disagree with the State because the court finance fee is a fine and defendant is entitled to have it offset by his monetary credit. See *People v. Smith*, 2014 IL App (4th) 121118, ¶ 54, 18 N.E.3d 912 ("[W]e hold the court-finance fee is actually a fine.").

¶ 24 Defendant is entitled to a $100 credit against the aforementioned fines, and we remand the matter to the trial court to amend the sentencing judgment to reflect such credit.

¶ 25                                III. CONCLUSION

¶ 26 For the reasons stated, we affirm in part, vacate in part, and remand with directions. We remand this cause for (1) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; (2) a new hearing on defendant's postplea motion; and (3) the filing of a corrected Rule 604(d) certificate. We also remand this cause to the trial court for issuance of an amended sentencing judgment to reflect the proper monetary credit to defendant's fines. We otherwise affirm defendant's conviction and sentence.

¶ 27 Affirmed in part and vacated in part; cause remanded with directions.