NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190259-U

NO. 4-19-0259

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 14, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| REGINALD SCOTT, | ) | No. 15CF179 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court's order denying defendant's motion to withdraw guilty plea is vacated and the cause remanded with directions for defense counsel to comply strictly with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2   Defendant, Reginald Scott, pleaded guilty to first degree murder in May 2015. He was sentenced to 55 years' imprisonment. Defendant moved to withdraw his guilty plea; his motion was denied. Defendant appealed the denial, arguing defense counsel's certificate filed under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) was deficient as it failed to assert counsel reviewed the report of proceedings from defendant's sentencing hearing. We agreed with defendant and remanded the case for a corrected certificate. *People v. Scott*, 2017 IL App (4th) 150761, ¶ 26, 88 N.E.3d 182.

¶ 3   In May 2018, postplea counsel filed an amended motion to withdraw defendant's guilty plea, adding a new allegation of error. The trial court denied the motion. Defendant

appealed, and this court found postplea counsel, who filed a Rule 604(d) certificate, committed reversible error by not attaching an affidavit to support the new claim. *People v. Scott*, 2019 IL App (4th) 180244-U, ¶¶ 3, 17. We remanded the cause a second time. *Id.* ¶ 20.

¶ 4		On remand, counsel filed another motion to withdraw defendant's guilty plea. The new motion mirrored the claims alleged in the amended motion. Counsel attached an "affidavit," which did not support the new claim but explained the reason for its absence. The trial court, recalling the hearing on the initial motion to withdraw and noting defense counsel's failed attempts to find support for defendant's new allegation, denied defendant's motion. Defendant appeals, arguing (1) postplea counsel failed to comply strictly with Rule 604(d) in that the "affidavit" was not an affidavit and did not support defendant's claim and (2) defendant was not afforded a full and fair hearing on his motion to withdraw his guilty plea. We vacate and remand with directions.

¶ 5		I. BACKGROUND

¶ 6		In February 2015, defendant was charged with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) (West 2014)) in connection with the death of Vicente Mundo. In May 2015, pursuant to a plea agreement, defendant pleaded guilty to count II (720 ILCS 5/9-1(a)(2) (West 2014)), the State dismissed counts I and III, and the State capped its sentencing recommendation at 60 years' imprisonment.

¶ 7		The State provided the factual basis for the plea, which included the following: Mundo was a student at the University of Illinois. Between 6 and 7 p.m. on January 25, 2015, Mundo left his apartment and did not return. Investigators obtained information from Mundo's cellphone provider, learning Mundo was involved in the delivery and sale of cannabis on campus. Mundo arrived at his apartment at 6:30 p.m. that night. He was carrying a red backpack, containing approximately one pound of cannabis and a scale. Mundo received a call. He told the caller to meet

him by his car. Mundo left the apartment with the backpack. Phone records revealed Daniel Gonzalez arranged to meet with Mundo later that evening. Gonzalez reported Mundo did not show for the meeting.

¶ 8 Mundo's body was found in Tolono, Illinois. The cause of death was a single gunshot wound to the back of his head. Investigators located Gonzalez's vehicle. The passenger-side window was damaged consistent with a gunshot, and the vehicle had new seat covers. A forensic examination of Gonzalez's vehicle revealed defendant's fingerprints on the outside trunk lid, a fired 9-millimeter ammunition casing, blood in the front seats and in the trunk, and the front license plate from Mundo's car.

¶ 9 Investigators located defendant and interviewed him. Defendant and Gonzalez attended Parkland College and were friends. The two smoked cannabis together. Defendant knew Gonzalez bought cannabis from Mundo. Defendant admitted he and Gonzalez on January 25, 2015, bought cannabis from Mundo. When confronted with the evidence, defendant initially reported Gonzalez shot Mundo and he helped Gonzalez dispose of Mundo's body. Defendant admitted driving Mundo's vehicle and planning to sell it with Gonzalez. Defendant further admitted he and Gonzalez plotted to rob Mundo in the apartment. The plan was to make it look like defendant was robbing both Gonzalez and Mundo. When Mundo changed the meeting place to the parking garage, defendant and Gonzalez changed the plan. Defendant was in the trunk of Gonzalez's vehicle. He became stuck between the trunk and the back of the car. Mundo turned and saw defendant. He tried to exit the car. Gonzalez locked the door. Defendant admitted firing the gun that killed Mundo. He pawned the gun at Pawn King.

¶ 10 The manager of Pawn King reported defendant purchased a Ruger P95 9-millimeter pistol and a box of ammunition in December 2014. He returned on January 30, 2015, to sell the

gun back to Pawn King. The manager provided the investigators with the gun and video showing the transaction.

¶ 11     On July 1, 2015, the court sentenced defendant to 55 years in prison.

¶ 12     On July 24, 2015, defendant filed a timely motion to withdraw his guilty plea. In his motion, defendant asserted he (1) did not understand he could not appeal his sentence by entering into this type of plea agreement, (2) did not pull the trigger and kill Mundo, and (3) wished to proceed to trial. On August 20, 2015, defense counsel filed a certificate as required by Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014).

¶ 13     On September 16, 2015, the trial court held a hearing on defendant's motion. Defendant was the only person to testify. According to defendant, he sustained a head injury when he was approximately 11 or 12 years old. While on a field trip to go ice skating, defendant slipped on the ice and hit his head. On the way back to camp, he developed a headache, which worsened. Defendant suffered blurred vision and blacked out, waking in the hospital. When asked if the injury affected his memory and his comprehension, defendant responded: "Pretty much, yeah. If I don't write it down then, or someone doesn't remind me later or repeatedly, usually I don't remember it." On cross-examination, defendant testified he was a student at Parkland College. He was enrolled in a computer science class and an English class. His grades were passing. Defendant enrolled in Parkland College to play soccer.

¶ 14     The trial court denied defendant's motion. The court reasoned the alleged head injury did not appear to deter defendant from completing high school, playing soccer at a collegiate level, and enrolling in college courses. As to defendant's claim he was unaware he could not appeal his sentence by entering into the plea agreement, the court concluded defendant was properly admonished when he pled guilty and he knew what the agreement was.

¶ 15 Defendant appealed. On appeal, defendant argued defense counsel's August 2015 certificate did not strictly comply with Rule 604(d) because it did not state counsel reviewed the report of proceedings from defendant's sentencing hearing. We agreed, vacated the trial court's decision, and remanded for further proceedings. *Scott*, 2017 IL App (4th) 150761, ¶ 19.

¶ 16 On remand, defendant filed an amended motion to withdraw his guilty plea. The motion alleged the same three grounds for withdrawal as the initial motion and one new allegation: "That on or about August 2017, Defendant ran into co-defendant, Daniel Gonzalez, while at Menard Correctional Facility [(Menard)], and co-defendant stated he would be willing to submit an affidavit stating that he (co-defendant) was the one who fired the gun that killed Vicente Mundo." The amended motion was not supported by an affidavit. Counsel, however, filed a certificate of compliance with Rule 604(d).

¶ 17 On March 19, 2018, the trial court held a hearing on defendant's amended motion to withdraw his guilty plea. The court confirmed defense counsel filed a new certificate pursuant to Rule 604(d). When asked about the amended motion, defense counsel stated, "[T]he Court has previously heard testimony from my client who testified as to a head injury he suffered when he was a child." Defense counsel also indicated he amended the motion to add the allegation regarding defendant's encounter with Gonzalez at Menard. Counsel further reminded the court defendant "all along has asserted that he did not pull the trigger and kill Mr. Mundo[.]" The trial court stated, "[e]ither way the Defendant is guilty of first degree murder" and denied the amended motion.

¶ 18 Defendant appealed the denial, and this court again vacated the denial and remanded for further proceedings. This court concluded counsel failed to comply with Rule 604(d) in that counsel did not submit an affidavit in support of the new allegation Gonzalez was willing

to submit an affidavit averring Gonzalez was the shooter. *Scott*, 2019 IL App (4th) 180244-U, ¶ 17.

¶ 19    On remand, defendant was represented by new postplea counsel, Matthew Ham. In April 2019, a new motion to withdraw guilty plea was filed. Defendant asserted the same bases for his motion as were set forth in the March 2018 amended motion to withdraw his guilty plea. Counsel attached to the motion an "affidavit" signed by him. The document was not notarized. In the document, counsel stated in March 2019, he sent Gonzalez a letter introducing himself and explaining the reason he wanted to talk with him. Later that month, counsel spoke to Gonzalez via telephone to discuss defendant's claim and ask if Gonzalez would be willing to sign an affidavit. Gonzalez responded he would not talk to Ham about anything related to the case until Ham spoke to Gonzalez's attorney, Howard Weisman. Gonzalez reported Weisman was a Chicago-based attorney. That same day, Ham located a phone number for a "Howard Weisman attorney" in the Chicago area. Ham twice attempted to speak with Weisman, leaving a voicemail message regarding the conversation with Gonzalez and asking Weisman to return his call. Over two weeks had passed since the second call. Weisman did not contact Ham.

¶ 20    The trial court held a hearing on the matter. Ham informed the court he filed the motion to withdraw defendant's guilty plea with an affidavit detailing his efforts to talk to the codefendant. The court concluded the following:

> "Well, we have had a hearing on the motion to withdraw
> guilty plea, and the court remembers the evidence that was
> presented, and the arguments of counsel, and then the matter has
> been sent back for a 604(d) certificate, and basically they're
> claiming that the public defender's office last time mailed it in. They

didn't, but that's the opinion of the three justices on the appellate Court.

I believe that the attempt to get a co-defendant to acknowledge that that—that he was the individual that fired the gun. That attempt to pursue that was made by the public defender's office. They have met a stone wall as far as trying to interview that individual. I believe they've done everything they can. They have an appropriate 604(d) certificate on file, so the motion to withdraw guilty and/or—this is just a motion to withdraw guilty plea and vacate the judgment. That motion's again denied."

¶ 21 This appeal followed.

¶ 22 II. ANALYSIS

¶ 23 On remand, defendant argues postplea counsel failed to comply strictly with Rule 604(d) by failing to attach an affidavit to support the claims therein and by failing to offer any argument or evidence at the hearing. Defendant further argues a third remand is required, despite the ruling in *People v. Shirley*, 181 Ill. 2d 359, 692 N.E.2d 1189 (1998), as he was not afforded a "full and fair hearing" on his motion to withdraw his guilty plea. Defendant emphasizes the initial hearing did not include the claim regarding Gonzalez's admission and no evidence had been submitted to support that claim.

¶ 24 In response, the State concedes Ham's "affidavit" does not strictly comply with Rule 604(d) as it is not a true affidavit, neither sworn nor notarized. The State argues, however, under *Shirley* remand is not required as defendant was afforded a full and fair opportunity to present his motion and a remand "would be a waste of judicial resources."

¶ 25        Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) applies to appeals by defendants whose judgments were entered upon guilty pleas. A defendant, like the one here, seeking to file an appeal of a judgment, or of his or her sentence entered upon a negotiated plea of guilty, must file a motion to withdraw the guilty plea to challenge the sentence. *Id.* The motion must be in writing, stating the grounds therefor. *Id.* When the motion is based on facts not appearing in the record, the facts must be supported by affidavit, unless the defendant is filing the motion *pro se* from a correctional institution. *Id.* The rule further requires counsel representing a defendant on the motion to withdraw the guilty plea to certify the following:

> "[T]he attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 26        Rule 604(d) is designed to ensure defendants are provided their due process rights and to eliminate unnecessary appeals. *Shirley*, 181 Ill. 2d at 362. Thus, "strict compliance with Rule 604(d) is required." *People v. Prather*, 379 Ill. App. 3d 763, 768, 887 N.E.2d 44, 47 (2008). In general, we consider the certificate itself to evaluate compliance with Rule 604(d); however, "we may consider the record where it undermines the certificate filed." *People v. Neal*, 403 Ill. App. 3d 757, 760, 936 N.E.2d 726, 728 (2010). The proper remedy for counsel's failure to comply strictly with Rule 604(d)'s affidavit requirement is to remand the cause to the trial court for the

opportunity to file a new motion to withdraw the guilty plea and a new hearing on the motion. See *People v. Bridges*, 2017 IL App (2d) 150718, ¶¶ 6, 12, 87 N.E.3d 441. Whether defense counsel complied with Rule 604(d) is reviewed *de novo*. *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007).

¶ 27        Despite two prior remands, we are again presented with the argument postplea counsel failed to comply with Rule 604(d). As the State concedes, there has been no strict compliance with the rule. On the second remand, postplea counsel, despite the language in the 2019 *Scott* decision, did not correct the error by adding an affidavit to support defendant's postplea claims. Counsel, instead, attached a document he entitled "affidavit," signed by himself. The unsworn and unnotarized document was not an affidavit. See *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494, 782 N.E.2d 212, 214 (2002) ("an affidavit must be sworn to, and statements in writing not sworn to before an authorized person cannot be considered affidavits"). Moreover, the "affidavit" contained only a statement of the reasons why counsel was unable to obtain an affidavit from Gonzalez. It did not support the facts that did not appear of record—the allegation Gonzalez told defendant he would sign an affidavit stating Gonzalez shot Mundo. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) ("When the motion is based on facts that do not appear of record it shall be supported by affidavit ***."). Although counsel reported an affidavit from Gonzalez was not possible at that time, an affidavit signed by defendant would have provided the factual support necessary for the motion.

¶ 28        The failure to comply strictly with Rule 604(d) is the failure of not only defendant's postplea counsel, but also the State and the trial court. As the purpose of the rule is to guarantee a defendant due process and to eliminate waste of judicial resources (see *Shirley*, 181 Ill. 2d at 362), "it was *** incumbent upon defendant, his counsel, the State, and the circuit court to insure that

compliance with the requirements of this court's Rule 604(d) would be met in this second hearing ***." *Id.* at 369-70.

¶ 29 The question then is whether remand for a third time is necessary. In general, when the record does not establish strict compliance with the certificate requirement of Rule 604(d), we reverse the part of the trial court's judgment denying the motion to withdraw the guilty plea and, while retaining jurisdiction, remand to the trial court to allow the defendant to file a new motion to withdraw his guilty plea and for a hearing on that motion. *People v. Janes*, 158 Ill. 2d 27, 35-36, 630 N.E.2d 790, 793-94 (1994); see also *People v. Lindsay*, 239 Ill. 2d 522, 531, 942 N.E.2d 1268, 1273-74. The Illinois Supreme Court, however, carved out an exception for repeated remands—which the State emphasizes—in *Shirley*. The court rejected the premise "the strict[-]compliance standard *** must be applied so mechanically as to require Illinois courts to grant multiple remands and new hearings following the initial remand hearing." *Shirley*, 181 Ill. 2d at 369. The court found where "the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing, we see limited value in requiring a repeat of the exercise, absent a good reason to do so." *Id.* The State contends we should not remand this case despite the failure to comply strictly with Rule 604(d) because it would result in a waste of judicial resources.

¶ 30 In *Shirley*, the defendant filed a timely motion to reduce his sentences on the ground he believed his sentence was excessive. *Id.* at 363-64. Defense counsel did not file a Rule 604(d) certificate, and the trial court denied defendant's motion. *Id.* at 364. On appeal, the court remanded the cause for a new hearing on the motion to reduce sentences because defendant's trial counsel failed to file the certificate required by Rule 604(d). *Id.* After remand, the defendant's trial counsel filed a Rule 604(d) certificate and a motion to withdraw as counsel. *Id.* at 364-65. After granting

trial counsel's motion to withdraw, the court appointed the public defender's office to represent defendant during the new hearing on defendant's motion to reduce sentences. *Id.* at 365. New counsel filed a motion to reduce sentences, with "virtually the same language as was found" in the original motion to reduce sentences, asserting the argument defendant felt his sentence was excessive. *Id.* New counsel failed to attach a Rule 604(d) certificate to the motion. *Id.* At the hearing on the motion, however, counsel indicated she agreed with the statements of prior trial counsel during sentencing and at the original motion to reduce sentences. *Id.* at 365-66. Four days after the denial of the motion to reduce sentences, counsel filed the Rule 604(d) certificate. *Id.* at 366. Defendant appealed, asserting Rule 604(d) was not complied with due to the failure of the assistant public defender to file a timely certificate before the hearing on the motion to reduce sentences. *Id.* The court concluded the filing of a Rule 604(d) certificate must precede or occur simultaneously with the hearing on the motion. *Id.* at 371.

¶ 31 The *Shirley* court then observed when the standard of strict compliance is not met, the remedy is "a remand to afford defendant another opportunity to be heard on his Rule 604(d) motion." *Id.* When the remedy is granted, however, there was no further requirement for successive remands and rehearings. The court concluded the following:

> "There is nothing in the record, or in the two motions to reduce
> sentences, or in the two Rule 604(d) certificates filed by two
> different attorneys, which indicates any reason why this court should
> remand the cause for a third hearing on defendant's claim that his
> sentences were excessive. In light of all these circumstances,
> requiring another remand and hearing on the motion to reduce
> sentences would be an empty and wasteful formality." *Id.* at 370.

The court found "limited value" in repeating the exercise of remanding when "the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing." *Id.* at 369.

¶ 32 We agree with the Third District's conclusion "*Shirley* does not stand for the blanket proposition that a matter may only be remanded one time for compliance with Rule 604(d)" but does stand for "the proposition that where a defendant receives a full and fair hearing, technical noncompliance with Rule 604(d) need not give rise to multiple remands." *People v. Evans*, 2017 IL App (3d) 160019, ¶ 24, 72 N.E.3d 421. As the Third District recognized, "in *Shirley*, multiple substantively compliant certificates were filed, but the timing of the certificates rendered them technically noncompliant." *Id.* It was the *substantive* compliance with "Rule 604(d) certification requirements that ensures a full and fair postplea hearing." *Id.* (citing *People v. Love*, 385 Ill. App. 3d 736, 739, 896 N.E.2d 1062, 1066 (2008)). Here, defendant's first hearing involved consideration of only the initial motion to withdraw the guilty plea and did not include evidence regarding defendant's assertion Gonzalez agreed to sign an affidavit showing defendant was not the triggerman. At the second hearing, no testimony was heard. No affidavit was submitted to support the new claim. Because there has been no hearing or evidence on defendant's claim regarding Gonzalez's admission and no affidavits submitted to support such a claim, we cannot say defendant had a full and fair opportunity to challenge his guilty plea.

¶ 33 We note the State argues this court has no good reason to remand the case. The State points to the factual basis for the plea, including defendant's admissions to police that he was the shooter, and contends defendant's statement to the contrary "would not have been persuasive evidence." This argument, however, asks this court to engage in the harmless-error analysis the Illinois Supreme Court expressly rejected in *Janes*. See *Janes*, 158 Ill. 2d at 34-35. We do not believe that is what *Shirley* requires.

¶ 34    Defendant has not been afforded the due process Rule 604(d) seeks to provide. No evidence was presented via affidavit to support his claims; no hearing was held to allow him to testify regarding his conversation with Gonzalez. We reluctantly remand for a third time.

¶ 35    On remand, we direct the assignment of a new judge to resolve the matter. The comments of the trial court on the second remand show some misconceptions about our previous orders, and these misconceptions may have handicapped the court's ability to ensure compliance with Rule 604(d). At the hearing following our second remand, the court stated, "the Appellate Court is bound and determined to either have this court change its sentence, and/or—." However, no language in the orders of this court demonstrate such a motive. The clear directive of both remands was for strict compliance with Rule 604(d). In addition, later, at the same hearing, the court observed, while summarizing the procedural history of the case, "they're claiming that the public defender's office last time mailed it in." The court stated, "[t]hey didn't, but that's the opinion of the three justices on the Appellate Court." This court did not hold defense counsel "mailed it in." This court found defense counsel failed to comply strictly with Rule 604(d) when counsel did not attach an affidavit to support the new claim in the amended motion to withdraw the guilty plea. Whether counsel "mailed it in" or did not is irrelevant—the only question was whether Rule 604(d) was satisfied. Like here, it was not.

¶ 36                    III. CONCLUSION

¶ 37    We vacate the denial of defendant's amended motion to withdraw his plea and remand the cause to the circuit court of Champaign County for " '(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary, and (3) a new motion hearing.' " *Bridges*, 2017 IL App (2d) 150718, ¶ 12 (quoting *Lindsay*, 239 Ill. 2d at 531).

¶ 38          Vacated; cause remanded with directions.